IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEIHINAHINA SULLIVAN, #09779-122, | CIVIL NO. 22-00155 LEK-KJM |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND |
| vs. | |
| ESTELLE DERR, *et al.*, | |
| Defendants. | |

## ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND

Before the Court is an Initial Complaint ("Complaint"), ECF No. 1, filed by

pro se Plaintiff Leihinahina Sullivan pursuant to the Federal Tort Claims Act

("FTCA"), and the Eighth and Fourteenth Amendments to the United States

Constitution.  Sullivan alleges that Defendants[1] retaliated against her for filing a

previous lawsuit and a pending appeal by denying her requests for psychological

records and a video depicting a February 2020 assault.  *Id.*  For the following

reasons, the Complaint is DISMISSED for failure to state a claim for relief

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), but with leave granted to

---

[1] Sullivan names as Defendants Estelle Derr ("Warden Derr"), in her official capacity, the Honolulu Federal Detention Center ("FDC Honolulu"), and the Bureau of Prisons ("BOP"). ECF No. 1 at 1.

amend.  If Sullivan wants this action to proceed, she must file an amended

pleading that cures the noted deficiencies in her claims on or before **June 22, 2022**.

In the alternative, Sullivan may voluntarily dismiss this action pursuant to Federal

Rule of Civil Procedure 41(a)(1), and such dismissal will not count as a strike

under 28 U.S.C. § 1915(g).

## I. <u>STATUTORY SCREENING</u>

The Court is required to screen all in forma pauperis prisoner pleadings

against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

*See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or

complaints that are frivolous, malicious, fail to state a claim for relief, or seek

damages from defendants who are immune from suit must be dismissed.  *See*

*Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v.*

*Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same

standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).

*See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under

this standard, a complaint must "contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks and citation omitted).  A claim is

"plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. <u>BACKGROUND</u>[2]

Sullivan is currently incarcerated at FDC Honolulu. See ECF No. 1 at 1; Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (select "Find By Number," enter "09779-122" in "Number" field, and select "Search") (last visited May 18, 2022). On June 6, 2020, Sullivan filed a lawsuit in this district alleging that medical records were disclosed without her consent. *See* Initial Complaint, *Sullivan v. Fed. Bureau of Prisons*, Civ. No. 20-00269 LEK-KJM (D.

---

[2] Sullivan's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Haw. June 12, 2020), ECF No. 1.[3]  The Court ultimately denied a motion for summary judgment filed by Sullivan and granted a motion for summary judgment filed by the defendants in that suit.  Order Den. Pl.'s Mot. for Summ. J. & Granting Defs.' Mot. for Summ. J., *Sullivan*, Civ. No. 20-00269 LEK-KJM (D. Haw. Aug. 10, 2021), ECF No. 56.  Sullivan filed an appeal, and that appeal is pending.  *See Sullivan v. Fed. Bureau of Prisons*, No. 21-16527 (9th Cir.).

Sullivan commenced this action by signing the Complaint on April 5, 2022. ECF No. 1 at 1.  Sullivan alleges in the Complaint that she is bringing a "claim" under the FTCA, and the Eighth and Fourteenth Amendments to the United States Constitution based on the denial of her requests for "clinical psychological records" and "a video from February 11, 2020."  *Id.*  The video purportedly depicts another inmate assaulting Sullivan by hitting her numerous times in the back of the head.  *Id.*  According to Sullivan, she has been denied the medical records and video in retaliation filing the previous lawsuit and the pending appeal.  *Id.* Sullivan seeks copies of her "patient-psychotherapist records" and "a copy of the video from February 11, 2020."  *Id.*

---

[3] "A court may take judicial notice of undisputed matters of public record, which may include court records available through [Public Access to Court Electronic Records]."  *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018)

## III. <u>DISCUSSION</u>

**1. Federal Tort Claims Act**

The FTCA, 28 U.S.C. §§ 1346(b), 2671–80, waives sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment. *Brownback v. King*, 141 S. Ct. 740, 746 (2021). In order for a claim to be actionable under the FTCA, it must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b); *Brownback*, 141 S. Ct. at 746.

Here, Sullivan fails to state a plausible claim under the FTCA for numerous reasons. First, although Sullivan names as Defendants Warden Derr, FDC Honolulu, and the BOP, she does not name the United States. *See Bamdad v. Benov*, Case No. CV 13-00296-PSG (OP), 2013 WL 12376682, at *5 (C.D. Cal. May 2, 2013) ("[T]he United States is the only proper defendant in cases alleging tortious conduct by a United States agency or employee in the scope of his employment."). Second, although Sullivan seeks copies of her "patient-psychotherapist records" and "a copy of the video from February 11, 202," she

5

does not seek money damages. *See Johnson v. United States*, Case No. 13-cv-02405-JD, 2015 WL 926207, at *2 (N.D. Cal. Mar. 2, 2015) ("The FTCA does not waive sovereign immunity for suits seeking injunctive relief, and there is no jurisdiction under the FTCA to award injunctive relief."), *aff'd*, 734 F. App'x 436 (9th Cir. 2018). Third, Sullivan's underlying retaliation claim, that is apparently based on the First Amendment,[4] is not actionable under the FTCA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994) ("[Plaintiff's] constitutional tort claim . . . is not actionable under § 1346(b)[.]"); *Parks v. Wren*, Case No. 5:12-cv-01353-SVW-KES, 2019 WL 4854854, at *8 (C.D. Cal. Aug. 6, 2019) ("Plaintiff could not bring an FTCA claim alleging a deprivation of his First Amendment rights via retaliation, because constitutional injuries are not actionable under the FTCA."), *report and recommendation adopted*, Case No. 5:12-cv-01353-SVW-KES, 2019 WL 4849202 (C.D. Cal. Sept. 27, 2019). Sullivan's claims under the FTCA are DISMISSED with leave granted to amend.

## 2. Retaliation

Sullivan alleges that Defendants retaliated against her for filing an earlier lawsuit and a pending appeal by denying her requests for clinical psychological

---

[4] Although Sullivan refers to the Eighth and Fourteenth Amendments to the United States Constitution, a retaliation claim arises under the First Amendment. *See Hurt v. Oregon*, No. 3:14-CV-00633-MA, 2014 WL 2113205, at *1 (D. Or. May 20, 2014) ("Although plaintiff may be able to state a retaliation claim, such a claim arises under the First Amendment, not the Eighth.").

records and a video depicting a February 11, 2020 assault.  ECF No. 1 at 1.

Sullivan seeks copies of the medical records and video.  *Id.*

"The Supreme Court has long held that federal courts may in some

circumstances grant injunctive relief against federal officials violating federal

law." *Sierra Club v. Trump*, 929 F.3d 670, 694 (9th Cir. 2019) (internal quotation

marks and citations omitted).  Thus, a plaintiff may sue a federal officer in his or

her official capacity under 28 U.S.C. § 1331 and the Court's inherent equitable

powers to seek injunctive relief to remedy alleged constitutional violations.  *See*

*Carranza v. Koehn*, Case No. 2:20-cv-01586-GMN-DJA, 2020 WL 6119515, at *3

(D. Nev. Oct. 16, 2020).

"Prisoners have a First Amendment right to file grievances [and lawsuits]

against prison officials and to be free from retaliation for doing so." *Watison v.*

*Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d

1262, 1269 (9th Cir. 2009)).  "[A] prisoner can make a viable claim of First

Amendment retaliation by alleging five basic elements: '(1) An assertion that a

state actor took some adverse action against an inmate (2) because of (3) that

prisoner's protected conduct, and that such action (4) chilled the inmate's exercise

of his First Amendment rights, and (5) the action did not reasonably advance a

legitimate correctional goal.'" *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir.

2021) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)).

Sullivan fails to state a retaliation claim for several reasons.  First, Sullivan has not plausibly alleged that any Defendant denied her copies of medical records and a video because of her earlier lawsuit or her pending appeal.  *See Brodheim*, 584 F.3d at 1271 ("To prevail on a retaliation claim, a plaintiff must show that [her] protected conduct was 'the 'substantial' or 'motivating' factor behind the defendant's conduct.'" (citation omitted)).  Sullivan's conclusory allegations are not enough.  *See Maquinales v. Spearman*, No. 2:18-cv-00489 CKD P, 2018 WL 4922933, at *5 (E.D. Cal. Oct. 10, 2018) ("The complaint's conclusory and unspecified allegations of retaliation are insufficient to state a claim for relief.").  Second, Sullivan does not allege that Defendants' conduct chilled the exercise of her First Amendment Rights.  The Court notes that even after the Defendants' alleged conduct, Sullivan has filed at least one other lawsuit in this district.  *See Sullivan v. Perlmutter*, Civ. No. 22-00157 LEK-WRP (D. Haw.).  Finally, Sullivan has not alleged that the denial of her requests did not reasonably advance a legitimate correctional goal.  Indeed, according to Sullivan, her requests were denied because the materials she had requested are excepted from disclosure under the Freedom of Information Act.  *See* ECF No. 1 at 1.  Sullivan's retaliation claim is therefore DIMISSED with leave granted to amend.

8

## IV.  <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with leave granted to amend.  Sullivan may file an amended pleading on or before **June 22, 2022**.  Sullivan may not expand her claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint. Claims that do not properly relate to those in the Complaint are subject to dismissal.

Sullivan must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.  <u>28 U.S.C. § 1915(g)</u>

If Sullivan fails to file an amended complaint or is unable to amend her

claims to cure their deficiencies, this dismissal may count as a "strike" under 28

U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a

civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  <u>CONCLUSION</u>

(1) The Complaint, ECF No. 1, is DISMISSED for failure to state a claim

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Sullivan may amend her pleading, however, by curing the deficiencies in

her claims on or before **June 22, 2022**.

(3) Failure to timely file an amended pleading may result in AUTOMATIC

DISMISSAL of this suit without further notice, and Sullivan may incur a strike

under 28 U.S.C. § 1915(g).

(4) ALTERNATIVELY, Sullivan may voluntarily dismiss this action pursuant to FRCP 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Sullivan a blank prisoner civil rights complaint form so that she can comply with this order if she elects to file an amended pleading.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 23, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LEIHINAHINA SULLIVAN VS. ESTELLE DERR, ET AL.; CV 22-00155 LEK-KJM; ORDER DISMSSING COMPLAINT WITH LEAVE GRANTED TO AMEND**